UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
RAYMOND ROTH,                               :    CASE NO. 1:07-CV-3734
                                            :
         Appellant,                         :
                                            :
vs.                                         :    OPINION & ORDER
                                            :    [Resolving Doc. No. 1]
CRAIG SHOPNECK, ET AL.,                     :
                                            :
         Appellees.                         :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 21, 2007, Appellant Raymond Roth ("Roth") filed a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Northern District of Ohio, *Roth v. Shopneck,* No. 07-17144 (Bankr. N.D. Ohio 2007). On October 10, 2007, the bankruptcy court dismissed the case for failure to pay filing fees and failure to appear. [Doc. 1-1.] On October 23, 2007, after conducting a hearing on the matter, the bankruptcy court also imposed a sanction prohibiting Roth from filing any new bankruptcy petitions within 180 days of the order pursuant to 11 U.S.C. §§ 105(a) and 109(g)(1). *Id.*

On December 6, 2007, Appellant Roth appealed the bankruptcy court's order imposing a 180-day sanction barring him from refiling a bankruptcy suit to this federal district court. [Doc. 1.] In his appellant brief filed on December 31, 2007, the Appellant argued that the bankruptcy court's 180-day sanction against refiling without having first conducted an evidentiary hearing violated his due process rights and constituted an abuse of judicial discretion. [Doc. 9.] With this appeal, the Appellant does

-1-

Case No. 1:07-cv-3734
Gwin, J.

not directly challenge the bankruptcy court's order of dismissal, but rather focuses solely on the 180-day sanction order. *Id.* On January 16, 2008, this Court ordered the Appellees to respond to the Appellant's brief by February 8, 2008 and instructed Appellant Roth to file any reply by February 22, 2008. [Doc. 11.] None of the parties have filed any briefs, notices, motions, or status reports with the Court since that scheduling order.

The Court must first consider whether the issues presented in the Appellant's brief are moot or whether a justiciable issue still exists in this case. Article III of the United States Constitution establishes that federal courts may decide only actual cases or controversies. U.S. CONST. art. III. As the Sixth Circuit has stated, Article III requires that district courts rule upon "only actual, ongoing" disputes and that these disputes must exist "through all stages of federal judicial proceedings, trial and appellate." *Brock v. Dep't of Justice,* 256 Fed. Appx. 748, 750 (6th Cir. 2007) (citing *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)). It is well established that federal courts lose jurisdiction over cases that become moot during the pendency of the litigation. *See, e.g., Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies"); *Brock,* 256 Fed. Appx. at 750.

Issues of mootness may be raised sua sponte by the court because they present fundamental concerns regarding subject matter jurisdiction. *See Brock,* 256 Fed. Appx. at 750; *Berger v. Cuyahoga County Bar Assoc.,* 983 F.2d 718, 721 (6th Cir.1993). In order for subject matter jurisdiction to exist in a federal court, the plaintiff "must continue to have an actual injury that is capable of being redressed by a favorable judicial decision" throughout the litigation. *Brock,* 256 Fed. Appx. at 750. "Mootness results when events occur during the pendency of the litigation which

Case No. 1:07-cv-3734
Gwin, J.

render the court unable to grant the requested relief." *Id.* Applying the mootness doctrine, other federal courts have concluded that they lack jurisdiction to review a 180-day sanction prohibiting a debtor from filing a bankruptcy petition when the 180-day sanction expires prior to federal judicial review. *See, e.g., In re Hedquist,* 450 F.3d 801, 804 (8th Cir. 2006); *In re Hogan,* 138 Fed. Appx. 838, 839 (7th Cir. 2005).

In this case, Appellant Roth asks that the Court reverse the bankruptcy court's order imposing a 180-day sanction against refiling and remand the matter so that the bankruptcy court can hold an evidentiary hearing. [Doc. 9.] The bankruptcy court dismissed the Appellant's Chapter 13 case on October 10, 2007, and imposed the 180-day sanction against refiling on October 23, 2007. [Doc. 1-1.] Appellant Roth waited over two months before filing his appellant brief in this matter challenging the sanction. The 180-day sanction prohibiting the Appellant from filing a new bankruptcy petition then expired on April 23, 2007.[1/]

The Appellant does not argue that he suffered any loss during the 180 days when he was unable to file a bankruptcy petition pursuant to the bankruptcy court's October 23, 2007 order. The Appellant presents no evidence of any creditors that seized his assets during that time period. Moreover, the Court takes judicial notice of the fact that Appellant Raymond Roth filed another Chapter 13 bankruptcy case, his ninth bankruptcy case since May 2004, in the United States

---

[1/] The Court also considers whether a 180-day sanction against bankruptcy filings is of such a short duration that the issue is "capable of repetition, yet evading review" and thus falls under a well-established exception to the mootness doctrine. *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 17 (1998). The "capable of repetition, yet evading review" exception applies only in "exceptional situations" where the following two circumstances are present: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal citations omitted). Even if this Court were to assume that Appellant Roth can reasonably expect that a bankruptcy court will subject him to the same sanction in the future, the sanction does not generally evade federal review. A federal district court would have time to review a 180-day sanction against bankruptcy refiling if the appellant filed his appeal in a timely manner and the parties abided by an expedited scheduling order. As such, the "capable of repetition, yet evading review" exception to the mootness rule does not apply to this case.

Case No. 1:07-cv-3734
Gwin, J.

Bankruptcy Court for the Northern District of Ohio on April 25, 2008. *See Roth v. Shopneck,* No. 08-13045 (Bankr. N.D. Ohio 2008).

The Court concludes, therefore, that the present case must be dismissed as moot. The Appellant's claims regarding the bankruptcy court's imposition of a 180-day sanction prohibiting him from filing another bankruptcy suit no longer present an active, ongoing case for this Court to resolve. The Appellant no longer has an actual injury that is capable of being redressed by a favorable decision by this Court.

For these reasons, the Court **DISMISSES** the Appellant's case as moot.

IT IS SO ORDERED.


Dated: July 23, 2008                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE